# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES BOWERS ) | Case Number |
| Plaintiff ) | |
| vs. ) | CIVIL COMPLAINT |
| BORLAND LAW FIRM, LLC ) | JURY TRIAL DEMANDED |
| Defendant ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, James Bowers, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, James Bowers, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III.   PARTIES

4. Plaintiff, James Bowers, is an adult natural person residing at 3305 Glenbrook Place, Floor 2, Philadelphia, PA 19114. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Borland Law Firm, LLC ("Defendant"), at all times relevant hereto, is and was a law firm engaged in the business of collecting debt within the Commonwealth of Pennsylvania with a principal place of business located at 2440 Sandy Plains Road, Marietta, GA 30066.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7. On or about October 18, 2010, Plaintiff received a call from Defendant looking for payment on an alleged debt owed on an HSBC account.

8. Plaintiff was told by Defendant that he owed approximately $2,613.00 on this account.

9. Plaintiff stated that the agent was nasty and condescending during this call.

10. Plaintiff informed the Defendant that he had retained the services of the law firm of Persels & Associates, LLC and that they needed to call and speak with his attorney directly in this matter.

11. Defendant's agent stated that they had already called Persels regarding this account and that Persels offered the Defendant a low-ball settlement and that they were not going to accept it.

12. Plaintiff believes that $1,100.00 was offered by Persels to settle the account.

13. Defendant went on to tell the Plaintiff that they called him to give him the chance to settle the account personally so that the Defendant did not have to sue him.

14. Plaintiff tried to explain that he was on a limited work schedule since having open-heart surgery and that he could not afford to pay the Defendant more money on the account.

15. Defendant's agent responded that this was not their concern and that no matter what the Defendant was not going to accept the amount that was being offered by Persels & Associates.

16. Plaintiff was again told that he risked being sued for not paying on this debt.

17. Defendant threatened the Plaintiff by telling him failure to pay was going to ruin his credit.

18. In addition, Plaintiff was told that he would no longer be able to purchase or own anything again until the debt was paid off in full.

19. Defendant continues to place calls to the Plaintiff, however due to the stress they cause, he no longer answers the calls.

20. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

21. The Defendant's conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable.

22. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I - FDCPA

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including, but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2) | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |

| §§ 1692(e) | Any other false, deceptive or misleading representation or means in connection with debt collection |
| §§ 1692e(2) | Character, amount or legal status of the alleged debt |
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Borland Law Firm, LLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit;

d. Such addition and further relief as may be appropriate or that the interests of justice require.

<u>**COUNT II**</u>
**VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT**
**(FCEUA, 73 Pa. C.S. § 2270.1 <u>et seq.</u>)**

30. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

31. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

32. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

33. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

34. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

35. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

36. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

37. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

  a. Actual damages;

  b. Treble damages;

c. An award of reasonable attorneys fees and expenses and costs of court; and

d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

38. The foregoing paragraphs are incorporated herein by reference.

39. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

40. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

41. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

42. As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

43.    By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.    An Order declaring that Defendant violated the UTPCPL;

b.    Actual damages;

c.    Treble damages;

d.    An award of reasonable attorney's fees and expenses and cost of suit; and

e.    Such additional relief as is deemed just and proper, or that the interest of justice may require.

### V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: November 29, 2010

BY:   /s/Bruce K. Warren BKW 4066
Bruce K. Warren, Esq.

BY:   /s/Brent F. Vullings BFV 8435
Brent F. Vullings, Esq.

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff